NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0431n.06

Case No. 24-3817

### UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** Sep 19, 2025 KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| ROBERT ORAVETS, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: SUTTON, Chief Judge; BATCHELDER and LARSEN, Circuit Judges.

SUTTON, Chief Judge. Robert Oravets committed a series of serious felonies. He claims that the Second Amendment nonetheless protects his right to possess a firearm. It does not, requiring us to affirm.

Six years ago, Ohio indicted Oravets on two counts of drug trafficking with a firearm. Prosecutors dropped the firearm specification when Oravets agreed to plead guilty. This was not his first brush with the law. Oravets' criminal record also included felony breaking and entering, receiving stolen property, and possessing a firearm as a felon. One way or another, Oravets has been in trouble with the law for almost a third of his life.

On March 22, 2023, while still on parole for the trafficking offenses, detectives from North Ridgeville, Ohio, visited his home. They were looking for a gun and they found one, loaded and with an extended magazine nearby. Officers separately obtained videos of Oravets holding a pistol

No. 24-3817, *United States v. Oravets*

while seated in a car and firing a pistol at an indoor shooting range.  That was a problem for Oravets, whose four felony convictions barred him from possessing a gun.

A federal grand jury indicted Oravets for possessing a firearm as a felon.  *See* 18 U.S.C. § 922(g)(1).  That statute makes it "unlawful for any person . . . who has been convicted" "of a crime punishable by imprisonment for a term exceeding one year . . . to possess . . . any firearm or ammunition" that has been transported in interstate or foreign commerce.  Arguing that § 922(g)(1) violates the Second Amendment, Oravets moved to dismiss the indictment.  The district court denied the motion.  Oravets pleaded guilty, and the district court accepted his plea.  The court imposed a 92-month sentence, at the bottom of the guidelines range.

On appeal, Oravets leads with a constitutional challenge to § 922(g)(1), arguing that the statute violates the Second Amendment as applied to him.  We review his challenge with fresh eyes.  *See United States v. Loney*, 331 F.3d 516, 524 (6th Cir. 2003).

The Second Amendment provides that "the right of the people to keep and bear Arms . . . shall not be infringed."  U.S. Const. amend. II.  Despite that unqualified language, "the right secured by the Second Amendment is not unlimited."  *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008).  Laws consistent with public-safety principles underpinning the Nation's tradition of firearm regulation remain constitutional.  *United States v. Rahimi*, 602 U.S. 680, 692 (2024).

*United States v. Williams* sets the table for our review.  113 F.4th 637 (6th Cir. 2024).  In *Williams*, we held that the government may constitutionally apply § 922(g)(1) to "dangerous" felons.  *Id.* at 657–58.  Dangerousness turns on a defendant's "specific characteristics" and "entire criminal record."  *Id.* at 657.  Along with crimes against the person, *Williams* singled out "drug trafficking" and "burglary" as examples of offenses highly probative of dangerousness.  *Id.* at 659.  Burglaries can always turn violent.  *See, e.g., United States v. Stitt*, 586 U.S. 27, 34 (2018).  And

2

No. 24-3817, *United States v. Oravets*

drug trafficking often motivates violent crime. *See, e.g.*, *Morgan v. Illinois*, 504 U.S. 719, 722 (1992). Throughout the dangerousness inquiry, the burden rests on the defendant. *Williams*, 113 F.4th at 662. To prevail, Oravets thus must "show he's not dangerous." *Id.*

He has not made that showing. Oravets' criminal record includes two separate felony convictions for drug trafficking. Both times, he offended while in possession of a firearm. Making matters worse, Oravets' criminal history includes separate felony convictions for breaking and entering and possessing a firearm after having been convicted of a felony. "[B]urglary-related offenses often involve the serious potential for physical injury." *United States v. Vanhook*, 640 F.3d 706, 711 (6th Cir. 2011). Those four felony convictions amply demonstrate that Oravets is a dangerous felon, permitting the government to disarm him.

*United States v. Goins* reinforces this reasoning. 118 F.4th 794 (6th Cir. 2024). It held that "our nation's historical tradition of forfeiture laws . . . supports disarming those on parole, probation, or supervised release." *Id.* at 802; *accord id.* at 805 (Bush, J., concurring in part and in the judgment). Because Oravets was on parole when he violated § 922(g)(1), *Goins* provides an independent ground for disarming him.

Oravets offers little in response. His major argument is that the record does not support the district court's dangerousness determination. *Williams*, it is true, requires district courts to make "fact-specific dangerousness determinations after taking account of the unique circumstances of the individual." 113 F.4th at 663. But the district court fulfilled this obligation when it pointed to Oravets' two convictions for felony drug trafficking with a firearm as well as his felony convictions for breaking and entering and felon in possession. Oravets' limited education, substance-abuse challenges, and admirable decision to support his girlfriend during her testimony about a gang do not alter his long, troubling, and dangerous criminal record. All of this

No. 24-3817, *United States v. Oravets*

amply supported the district court's conclusion—that "Oravets' 'as applied' challenge to § 922(g)(1) . . . falls flat." R.29 at 7. We agree.

Oravets separately argues that his sentence was substantively unreasonable because the district court "placed too much weight on some of the § 3553(a) factors and too little on others in sentencing" him. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). Abuse-of-discretion review applies to this challenge. *Gall v. United States*, 552 U.S. 38, 51 (2007). And we apply a presumption of reasonableness to Oravets' sentence because it falls within the guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

The district court did not abuse its discretion. It appreciated that Oravets "may have a substance abuse problem" and may have had a difficult childhood. R.42 at 22. And it referenced, and credited, his testimony about his decision to support his girlfriend when she testified against a powerful gang. But it also acknowledged Oravets' decade-long criminal history, studded with serious offenses and repeat violations of release conditions. In view of these past crimes, the court viewed him as a danger to the community. And in view of his recidivism, the court viewed him as likely to reoffend. The district court balanced these considerations and imposed a sentence at the bottom of the guidelines range. There is nothing unreasonable about that approach or the 92-month sentence that followed from it.

We affirm.